IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CANDIDO AGUIAR ESTRADA,          §
    A# 024785869,                §
        Petitioner,          §
                                    §
v.                               §          No. 3:26-CV-703-N-BW
                                      §
U.S. IMMIGRATION AND             §
CUSTOMS ENFORCEMENT,             §
        Respondent.              §          Referred to U.S. Magistrate Judge[1]

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Based on the relevant filings and applicable law, the Court should **DISMISS**

this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for

failure to prosecute or follow orders of the Court.

## I.  BACKGROUND

Candido Aguiar Estrada, an immigration detainee at the Prairieland

Detention Center in Alvarado, Texas, filed this habeas action under 28 U.S.C.

§ 2241 challenging his immigration detention by United States Immigration and

Customs Enforcement ("ICE").  (*See* Dkt. No. 3.)  Along with his § 2241 habeas

petition, Estrada submitted a short form application to proceed in forma pauperis

("IFP") in the case.  (*See* Dkt. No. 4.)  After the Court received the § 2241 petition

and IFP application, Estrada was issued instructions that, among other directions,

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for
full case management.

required him to notify the Court of any address change by promptly filing a written change of address notice.  (*See* Dkt. No. 2.)

By Notice of Deficiency and Order dated March 9, 2026, the Court notified Estrada that his IFP application did not provide enough information for the Court to determine whether IFP status was appropriate because it did not include a required certificate of inmate trust account ("CTA") or comparable form.  (*See* Dkt. No. 5.) The Court therefore ordered him to submit a required CTA or comparable form, such as a resident account summary, within 30 days.  (*See id.*)  The order also warned Estrada that failure to comply with the order could result in the dismissal of the action under Federal Rule of Civil Procedure 41(b).  (*See id.*)  The Court's case initiating instructions to Estrada and the Court's March 9 order were returned to the Court as undeliverable at the address provided by Estrada on March 26, 2026, and March 31, 2026, respectively.  (*See* Dkt. Nos. 6-7.)

The deadline set forth in the Court's March 9 order has now expired, and Estrada has not filed a CTA or comparable form.  Further, it appears from the return of the Court's correspondence and March 9 order, as well as from available records, that Estrada is no longer in ICE custody.  *See* ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited Apr. 17, 2026).  Estrada has not updated his address or taken any other action manifesting an intent to proceed in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order."  *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Estrada has failed to comply with the Court's March 9 order to file a CTA or comparable form, despite a warning that failure to comply could result in the dismissal of his petition, and he has failed to follow the Court's instructions to promptly notify it of a change of address.  By not complying with the Court's March 9 order and case instructions, Estrada prevents this action from proceeding and has failed to prosecute this lawsuit.  Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b) for failure to prosecute or follow court orders.

## III.  RECOMMENDATION

The Court should **DISMISS** this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

**SO RECOMMENDED** on April 20, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

4